May 21, 2012

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas   78701-1494

Opinion No.  GA-0936

Re:  Whether non-attorneys may represent parties at special education due process hearings conducted by the Texas Education Agency   (RQ-1021-GA)

Dear Mr. Scott:

You ask about the authority of non-attorneys to represent parties at special education due process hearings.[1] The special education due process hearings about which you ask are required by the Federal Individuals with Disabilities Education Act (IDEA). The IDEA regulates the states' provision of special education to students with disabilities. *See generally* 20 U.S.C.A. §§ 1400–1482 (West 2010 & Supp. 2011). In order to receive federal funds, Texas must agree to comply with the IDEA's extensive procedures. *See id.* § 1412(a)(1)(A) (West 2010) (providing that a state is eligible for federal funding assistance if the state submits a plan assuring that the state complies with the IDEA provisions); *see also* TEX. EDUC. CODE ANN. § 29.001 (West Supp. 2011) (requiring development of a statewide plan consistent with federal law). The IDEA allows any party to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C.A. § 1415(b)(6)(A) (West 2010), 34 C.F.R. § 300.507(a) (2012). The parents or local education agency may seek to resolve such complaints through an impartial due process hearing. *See* 20 U.S.C.A. § 1415(f)(1)(A) (West 2010); 34 C.F.R. § 300.511(a) (2012). In the due process hearing the parties have a right to "[b]e accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities, except that whether parties have a right to be represented by non-attorneys at due process hearings is determined under State law." 34 C.F.R. § 300.512(a)(1) (2012); *see also* 20 U.S.C.A. § 1415(h)(1) (West 2010). It is this language concerning the right to be represented by a non-attorney as determined by state law that prompts your questions.[2] Specifically, you ask:

---

[1]*See* Letter from Robert Scott, Comm'r of Educ., Tex. Educ. Agency, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 21, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]As you ask about only non-attorney representation, we limit our opinion accordingly.

> Whether non-attorney representation at special education due process hearings constitutes the unauthorized practice of law?
>
> Whether [the] answer to question number 1 would change if TEA [Texas Education Agency] had a specific rule allowing non-attorney representation at special education due process hearings?
>
> Whether TEA has the authority to adopt a rule allowing or prohibiting non-attorney representation at special education due process hearings?

Request Letter at 3 (footnote omitted).

Texas law generally limits the practice of law[3] to licensed attorneys. *See* TEX. GOV'T CODE ANN. § 81.102(a) (West 2005) (providing that a person may not practice law unless the person is a member of the state bar). The Legislature, however, has indicated that it knows how to enact provisions that function as exclusions to this requirement. There are several instances in Texas statutes where the Legislature expressly allows a person who is not an attorney to act on behalf of another in a legal proceeding. *See* TEX. PROP. CODE ANN. § 24.011 (West 2000) (authorizing a party to be represented by their authorized agents, who need not be attorneys, in forcible entry and detainer actions); TEX. LAB. CODE ANN. § 410.006 (West 2006) (authorizing a claimant in administrative proceedings under the Texas Workers' Compensation Act to be assisted by an individual of the claimant's choice); TEX. GOV'T CODE ANN. §§ 2003.101(k) (West 2008) (authorizing persons other than attorney to represent a party in contested cases concerning certain tax matters), 2003.911(a) (West Supp. 2011) (authorizing non-attorney to represent a party at an appeal of certain appraisal review board decisions). The Legislature has not enacted a similar provision in the context of a special education due process hearing. *See generally* TEX. EDUC. CODE ANN. §§ 29.001–.018 (West 2006 & Supp. 2011) (subchapter A, pertaining to special education program). Absent a specific provision to the contrary, we believe the state's general prohibition against the practice of law by non-attorneys applies to the due process hearings about which you ask. *See* Tex. Att'y Gen. Op. No. GA-0909 (2012) at 2 (*citing FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent)). We thus conclude that a non-attorney may not practice law at a special education due process hearing.

---

[3]The practice of law is defined by statute as

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

TEX. GOV'T CODE ANN. § 81.101(a) (West 2005).

However, this office has consistently opined that the question of whether certain conduct constitutes the practice of law will depend on the facts. Tex. Att'y Gen. LO-97-104, at 1–2 (stating that "the determination whether certain conduct constitutes the practice of law will depend upon the facts"); *see* Tex. Att'y Gen. Op. Nos. JM-451 (1986) at 2, H-974 (1977) at 2, Tex. Att'y Gen. LO-98-005, at 2. We cannot conclusively determine whether particular conduct constitutes the practice of law. *See* Tex. Att'y Gen. LO-97-104, at 1–2. Thus, we cannot determine in an attorney general opinion whether particular conduct of an individual who is not an attorney at a special education due process hearing is proscribed by subsection 81.102(a).

Because your remaining questions both involve a potential TEA rule, we address them together. As an administrative agency, the TEA has no inherent authority and can adopt only those rules that are authorized by and consistent with its statutory authority. *See Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008). The determinative factor regarding whether an agency exceeds its authority is whether the rule is in harmony with the general objectives of the statute. *See id.*

The TEA is expressly authorized to develop and modify a statewide plan for "the delivery of services to children with disabilities in this state that include rules for the administration . . . of the special education program." TEX. EDUC. CODE ANN. § 29.001 (West Supp. 2011). Considering one of the purposes of the IDEA is to ensure that in providing a free appropriate public education, the rights of children with disabilities and parents of such children are protected, a rule that made the due process hearing more accessible to the parents of students with disabilities is likely in harmony with TEA's statutory authority. *See* 20 U.S.C.A. § 1400(d)(1)(A–B) (West 2010) (enumerating purposes of IDEA); *see also* 19 TEX. ADMIN. CODE. § 89.1150(b) (2012) (Tex. Educ. Agency, General Provisions) (encouraging resolution of disputes "at the lowest level possible and in a prompt, efficient, and effective manner"). Accordingly, we believe that TEA has authority to adopt rules governing the representation of a party at a special education due process hearing. However, in the event a TEA rule allows a non-attorney to engage in conduct that constitutes the practice of law, a court reviewing the rule would have a basis on which to determine the rule is invalid due to a conflict with subsection 81.101(a).[4] *See State v. Jackson*, 376 S.W.2d 341, 345 (Tex. 1964) (stating that "[t]he rulemaking power of administrative agencies does not permit the enactment of regulations which are inconsistent with the expression of the lawmakers' intent in statutes *other* than those under which the regulations are issued") (emphasis added).

---

[4]The judiciary has inherent power to regulate the practice of law. *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("Because the admission and practice of Texas attorneys is inextricably intertwined with the administration of justice, the Court must have the power to regulate these activities in order to fulfill its constitutional role."). And the judiciary's inherent power is not limited by subsection 81.101(a). *See In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 770 n.8 (Tex. 1999) (recognizing that legislative definition of the practice of law acts in the aid of the judiciary and not to the exclusion of, nor in denial of, the constitutional powers of the judicial branch); *see also* Tex. Att'y Gen. Op. Nos. GA-0381 (2005) at 3 (noting that the definition in subsection 81.101(a) is not exclusive), JM-451 (1986) at 2 ("The judiciary, however, has inherent power to determine what is the practice of law on a case by case basis, unconfined by statute.").

## S U M M A R Y

Pursuant to subsection 81.102(a) of the Government Code, a non-attorney may not practice law at a special education due process hearing. However, we cannot determine whether particular conduct of an individual who is not an attorney at a special education due process hearing constitutes the practice of law.

The Texas Education Agency has authority to adopt rules governing the representation of a party at a special education due process hearing. To the extent a TEA rule allows a non-attorney to engage in conduct that constitutes the practice of law, a court reviewing the rule would have a basis on which to determine the rule is invalid.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee